# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WARREN B. MARKER,

    Plaintiff,

vs.                                                     1:18-cv-00498-WJ-JFR

PRESIDENT DONALD TRUMP, et al,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *Pro Se* Civil Rights Complaint (**Doc. 1**). Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.* He asserts 42 U.S.C. § 1983 claims against President Trump along with the judges, prosecutors, and defense attorneys involved in his criminal proceedings. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will dismiss the Complaint as frivolous and for failure to state a cognizable claim.

## Background

This case arises out of two separate criminal proceedings in state and federal court. In the first case, a jury convicted Plaintiff of larceny, burglary, and auto theft in New Mexico's Twelfth Judicial District Court (Twelfth Judicial) (Case No. D-1226-CR-2013-240). In the second case, filed in Federal Court, Plaintiff pled guilty to possession with intent to distribute five grams or more of methamphetamine (Case No. 12-CR-2005 RB). The Federal Court (Hon. Robert Brack) sentenced Plaintiff to 70 months imprisonment on the federal methamphetamine charge. The state sentence is unclear.

Plaintiff alleges the judges, prosecutors, and defense attorneys involved in the above cases

violated the Constitution. Twelfth Judicial Judges Lamay and Parsons allegedly violated Plaintiff's right to a speedy trial in the state case, and defense attorneys Carreon, Mitchell, and Nedbalek allegedly provided ineffective assistance. Plaintiff contends the remaining judges (Judges Brack and Bryant) and prosecutors (Williams and Camacho) knew about those violations and failed to intervene. He makes the same allegation against President Trump. Plaintiff sent a certified "demand letter" reporting the alleged violations to the President in 2018, but he never received a response. Plaintiff also appears to allege that the prosecutors were biased; he did not receive sentencing credit for time spent in state custody; and the state court has not yet ruled on his state habeas petitions.

The Complaint raises claims under the Due Process Clause and 42 U.S.C. § 1983. Plaintiff seeks a meeting with President Trump; dismissal of all state and federal charges; and for the Court to implement a " case tracking system." (**Doc. 1 at 19-20**). He also seeks $180,000 in money damages for his "continued incarceration." *Id.* at 21.

## Standards Governing Initial Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, Plaintiff must comply with the applicable rules of procedure, and the Court will not act as his advocate. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

## Analysis

"A cause of action under section 1983 requires the deprivation of a civil right by a [qualifying] 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Court finds that Plaintiff's complaint must be dismissed. The claims against President Trump are entirely frivolous, and in any event, he is immune from liability. *See Forrester v. White,* 484 U.S. 219, 225 (1988). The judicial defendants are also absolutely immune from a civil rights suit based on actions taken in their judicial capacity. *See Mireles v.*

3

*Waco*, 502 U.S. 9, 11 (1991). The only exception is when a judge "acts … without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). The Judges here clearly had jurisdiction over Plaintiff's criminal proceedings, notwithstanding any alleged wrongdoing. Consequently, Plaintiff cannot sue President Trump or Judges Brack, Bryant, Lamay, or Parsons.

The claims against prosecutors Camacho and Williams fail for similar reasons. District attorneys are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). "[I]nitiating and pursuing a criminal prosecution" fall within the scope of prosecutorial duties, regardless of any speedy trial violations. *Snell*, 920 F.2d at 686 (quotations omitted). Further, even if Camacho and Williams were not immune, a claim for malicious prosecution is only viable where the underlying criminal action terminated in the plaintiff's favor. *See Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2008). Plaintiff was found guilty in each underlying case. The claims against Camacho and Williams therefore fail.

Plaintiff's defense attorneys (Carreon, Mitchell, and Nedbalek) are also not subject to liability. As noted above, a plaintiff can only prevail in a § 1983 action where the defendant was "acting under color of state law." *McLaughlin*, 215 F.3d at 1172. The Supreme Court has held that public defenders and private defense attorneys do not act under color of state law within the meaning of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 316 (1981); *Anderson v. Kitchen*, 389 Fed. App'x. 838, 841 (10th Cir. 2010) (applying the rule to private defense counsel).

Finally, even if Plaintiff could successfully sue Defendants, any claim for damages is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss

a § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Plaintiff's request to be compensated for his "continued incarceration," based on the wrongful conduct of judges, prosecutors, and defense attorneys, necessarily attacks the criminal proceedings. *See e.g., Baldwin v. O'Connor*, 466 Fed. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . . the deputy district attorney who prosecuted [plaintiff] and the district-court judge who presided in his case"); *Murphy v. Willmore*, 752 Fed. App'x 653, 656 (10th Cir. 2018) (same).

For these reasons, the Complaint is frivolous and fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **Amendment Would be Futile**

Having determined the Complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to amend the pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts do not typically order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, amending the Complaint would be futile for two reasons. First, as a matter of law, Plaintiff cannot recover money damages from the parties responsible for his prosecution and incarceration. Second, the Court cannot grant the other requested relief (*i.e.,* arranging a meeting with President Trump or implementing a special case management system). To the extent Plaintiff challenges the calculation of his sentence or the accuracy of his criminal judgments, those claims must be brought in a habeas corpus proceeding.

*See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court therefore declines to *sua sponte* order an amendment and will dismiss the action with prejudice. The Court will also deny Plaintiff's Petition For Order to Serve Defendants with Process (**Doc. 31**), which is now moot.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court will enter a separate judgment consistent with this ruling.

**IT IS FURTHER ORDERED** Plaintiff's Petition For Order to Serve Defendants with Process (**Doc. 31**) is **DENIED** as moot.

**SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE